UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOSEPH CAHEE,

            Plaintiff,                      Case No. 2:09-cv-123

v.                                                  Honorable R. Allan Edgar

COUNTY OF DICKINSON,

            Defendant.
_____/

## **OPINION**

This is a civil action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Joseph Cahee currently is incarcerated at Kinross Correctional Facility. In his *pro se* complaint, he sues the County of Dickinson. Plaintiff argues that MICH. COMP. LAWS § 750.520(a) - (l) was enacted in violation of the Michigan Constitution. In support, Plaintiff cites Article 4, Section 36 of the Michigan Constitution (1963), which states that "[n]o general revision of the laws shall be made. The legislature may provide for a compilation of the laws in force, arranged without alteration, under appropriate heads and titles." (Compl. at 3, 7, docket #1.) He argues that when the Michigan Legislature enacted 1974 Public Act 226 and MICH. COMP. LAWS § 750.520a et seq., it violated the 1963 Michigan constitution because it revised, altered or amended the old MICH. COMP. LAWS § 750.520. (Compl. at 4, 7.) Plaintiff asserts, therefore, that he was convicted under an unconstitutional, void and non-existent statute. (*Id.*)

For relief, Plaintiff seeks a declaration by this Court that MICH. COMP. LAWS § 750.520(a)-(l) is unconstitutional and void and, thus, Plaintiff's conviction is void. He further seeks to be discharged from prison and costs. (*Id.* at 8-9.)

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

### A. Declaratory Judgment

Plaintiff has specifically requested that his action be construed as a "Civil Complaint for Declaratory Judgment." (Mot. at 1-2, docket #6; Compl. at 1.) Additionally, Plaintiff has amended his complaint to remove any and all challenges to the fact or duration of his confinement and removed it from the "relm [sic] of habeas corpus." (Mot. at 4; Order, docket # 8.) However, for relief, Plaintiff seeks to have his conviction declared null and void. (Compl. at 9.) He seeks to have this Court declare that all the criminal proceedings against him in Dickinson County, his conviction and his incarceration by the State of Michigan a violation of his constitutional rights. (*Id.*)

Plaintiff's sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal

custody). "It is well established in this circuit that a declaratory action [under 28 U.S.C. § 2201] cannot be used as a substitute for the statutory habeas corpus procedure." *Hall v. Bradley*, No. 94-5245, 1994 WL 443234, at *1 (6th Cir. Aug. 16, 1994) (citing *Braden v. 30th Judicial Circuit Court*, 454 F.2d 145, 148 n.1 (6th Cir. 1972)). Moreover, the Supreme Court has limited the scope of the All Writs Act, 28 U.S.C. § 1651, solely to "filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction." *Penn. Bur. of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985). The Court has made clear that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute," and that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 43. Here, 28 U.S.C. § 2254 is specifically legislated to be the vehicle for review of Plaintiff's claims. As a consequence, the All Writs Act does not provide an alternative route for review. *See Hagin v. Oklahoma*, 138 F. App'x 110, 111 (11th Cir. 2005) (All Writs Act is not alternative vehicle to set aside state court conviction when habeas relief is time-barred); *Muhammad v. United States*, 76 F. App'x 45, 46 (6th Cir. 2003) (holding that, in the context of a federal prisoner, a petition for writ of coram nobis under the All Writs Act "is available only when a § 2255 motion is unavailable" because the petitioner is no longer in custody); *United States v. Rankin*, 11 F. App'x 496, 497-98 (6th Cir. 2001) (same); *see also Preiser*, 411 U.S. at 500 (habeas corpus petition is the sole remedy to attack the fact or duration of a conviction). Accordingly, Plaintiff fails to state a claim.

### B. § 1983

To the extent that Plaintiff brings his action pursuant to 42 U.S.C. § 1983, he also fails to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation

of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff seeks to have his conviction and incarceration declared unconstitutional. (Compl. at 8-9.) Therefore, he challenges his conviction and incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Plaintiff specifically requested that his complaint not be construed as a habeas petition under 28 U.S.C. § 2254. (Mot. at 4, docket #6; Order at 1, docket #8.) Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  10/27/09                             */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United States District Judge